UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
...................................................................
UNITED STATES OF AMERICA                    <u>MEMORANDUM AND ORDER</u>

    -against-                                   CR-01-1243 (CBA)

ALBERT GUGLIELMO,

               Defendant.
.............................................................
AMON, UNITED STATES DISTRICT JUDGE:


<u>BACKGROUND</u>

The defendant Albert Guglielmo was convicted after a ten week jury trial of one count of

conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 371 (Count One), one

substantive mail fraud count in violation of 18 U.S.C. § 1341 (Count Two), and one count of

conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(2)(A) (Count Four).

These convictions arose from his involvement with Evergreen International, a spot currency

trading firm whose investors lost in excess of $40,000,000.  After a lengthy sentencing

proceeding which included extensive sentencing submissions and protracted argument over the

proper application of the United States Sentencing Guidelines, the defendant was sentenced on

June 16, 2004.  The Court found that the guideline range under the U.S.S.G. was a level 31,

resulting in guideline range of 108-135 months. (See attached Guideline Calculation).  The Court

departed two levels to a level 29 resulting in a guideline range of 87-108 months and sentenced

the defendant to the bottom of that guideline range by imposing a 60 month sentence on Count

One; a 60 month sentence on Count Two with 27 of those months to run consecutive to the

sentence imposed on Count One, and an 87 month sentence on Count Four to run concurrently with the sentences imposed in Counts One and Two.  The Court further imposed concurrent supervised release terms of three years on each count and special assessments totaling $300.  No fine was imposed.

Guglielmo and his codefendants appealed their convictions.  Guglielmo raised two sentencing issues on appeal; namely, that the court erred in enhancing his sentence for abuse of trust pursuant to U.S.S.G. 3B1.3 on the fraud convictions and failed to accord him a minimal role in the money laundering conspiracy, under U.S.S.G. 3B1.2.  The Court of Appeals did not resolve these challenges to the Court's sentence or the challenge regarding the sufficiency of the evidence.  Instead, upon motion of Albert Guglielmo and codefendant Polina Sirotina, it granted a limited remand pursuant to the decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  This Court was directed to consider whether "under the Supreme Court's decision in United States v. Booker, _____ U.S. _____, 125 Sct. 738 (2005), the sentence originally imposed would have been nontrivially different and, if so, to resentence."

Pursuant to the remand, the Court received written submissions from the parties and held oral argument.  For the reasons set forth herein, the Court declines to resentence the defendant.

DISCUSSION

The Crosby decision requires the Court to consider whether it would have imposed a materially different sentence under the circumstances existing at the time of the original sentence if it had complied with the sentencing regime now in effect as a result of the decisions in United States v. Booker, 125 S. Ct. 738 (2005).  In short, if the court had treated the Sentencing

Guidelines as advisory and, after considering all factors in 18 U.S.C. § 3553(a), it would have imposed a non-trivially different sentence, then a full resentencing under Rule 32 of the Federal Rules of Criminal Procedure would be required. If not, the original sentence stands.

In arguing for a resentence, the defendant principally rests on the same arguments he previously advanced which were fully explored in his original sentencing. Thus, he argues as he did before that the amount of the loss was disproportionate to his culpability, that he made efforts to cooperate with the government after the fall of Evergreen and mitigate loss to the investors and that he had a good character as evidenced by his letters of support from family, friends and business associates. The only different argument he makes is to compare his sentence to the sentences of coconspirators who either pled guilty or pled guilty and cooperated, and suggests that his sentence was unduly long when compared to theirs in light of the relative levels of culpability. This Court has reviewed the original sentencing submissions, the presentence report and the transcript of the sentencing and considered Guglielmo's written and oral submissions post remand.

First of all, it should be noted that the Court did not adhere slavishly to the guideline range in the first sentencing, but departed twenty-one months from the bottom of the guideline range it found applicable to the defendant's case. In reaching that sentence, the Court considered the arguments advanced by the defendant and the factors under § 3553(a) of Title 18. The Court believes that the sentence it imposed was reasonable and one that is "sufficient, but not greater than necessary to comply with purposes set forth in [§ 3553(a)(2)]". This was a very serious fraud which resulted in enormous losses to many victims. Thus, there was a need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and

provide just punishment, § 3553 (a)(2)(A), as well as to afford adequate deterrence to criminal

conduct. § 3553(a)(2)(B).  Although the defendant may not have personally profited to the extent

that others did, his conduct nonetheless contributed to the ability of Evergreen to obtain large

sums of investors' money through false representations, money that was ultimately lost when the

unscrupulous founder of the company stole it all.  Even though Albert Guglielmo may not have

known that the ultimate game plan was to steal the money, he knew it was being obtained in the

first instance by fraud and was accountable for the money being placed at risk.  Moreover,

although Albert Guglielmo may have assisted the government after the fraud was uncovered, the

value of the assistance was undermined by his apparent failure to truthfully proffer his own

involvement in the fraud.

Finally, although his sentence was greater than those of several of the defendants whose

involvement was as great or greater than his, there were valid reasons for the disparity.  The

defendants he references all accepted responsibility for their actions by pleading guilty and in

some instances cooperated with the government, entitling them to departures from the applicable

guideline ranges.  To the extent that departures for other defendants were granted for reasons

other than cooperation, they were based upon factors not applicable to Guglielmo.  Moreover,

the Court notes that prior to Booker, the Second Circuit recognized generally that perceived

inequities of sentences of codefendants after proper application of the guidelines was not an

appropriate basis for a downward departure.  See United States v. Joyner, 924 F.2d 454, 459-61

(2d Cir. 1991) (holding that the objective of 18 U.S.C. § 3553(a)(6) was to eliminate

unwarranted disparities nationwide, not between defendants in the same case); United States v.

Lanese, 937 F.2d 54, 58 (2d Cir. 1991).  Similarly, the Court does not believe that this factor

dictates a non-guideline sentence in this case.

In sum, considering the guidelines as advisory only and in light of all the factors set forth in § 3553(a) of Title 18, this Court concludes that it would not impose a different sentence. Accordingly, this Court denies defendant Guglielmo's motion for sentencing.


SO ORDERED.

Dated:     Brooklyn, New York
           October 26, 2005


                                        Carol Bagley Amon
                                        United States District Judge