```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA              :
        v.                            :     MEMORANDUM & ORDER
                                      :
ALBERT GUGLIELMO,                     :     CR 01-1243 (CBA)
                                      :
                Defendant             :
----------------------------------------------------------------X
```
AMON, UNITED STATES DISTRICT JUDGE:

The Court of Appeals remanded this case for resentencing after invalidating one of three counts of conviction. United States v. Evergreen Int'l, No. 04-2987-CR, 206 Fed. Appx. 71, 75 (2d Cir. Nov. 21, 2006). The parties briefed the sentencing issues, and this Court conducted two days of oral argument. Prior to imposing sentence, this Court resolved each of the issues raised. The Court sentenced Guglielmo principally to 60 months on Count 1 and 60 months of Count 2, 20 of the 60 months to run consecutively to the sentence imposed on Count 1. Immediately following imposition of the sentence, which should have come as no surprise to the defendant and which in fact was less than the sentence consistently advocated for by the government, counsel for the defendant announced to the Court that its sentence was "not proper." The argument was premised on grounds that had never before been advocated by the defendant; namely, that the provisions of 18 U.S.C. 3584 and 28 U.S.C. § 994(l)(2) require that the Court impose concurrent sentences.

Defendant has cited to no rule of criminal procedure to support a motion made directly after sentence is imposed on grounds that were available to be argued prior to sentencing. The Court is of the view that this latest argument has been waived and that such an unorthodox procedure should not be sanctioned. However, in an abundance of caution and to avoid the

1

possibility of future litigation of this issue before this Court, the merits of the argument will be addressed.

I. **Discussion**

Defendant argues that the language and underlying rationale of 18 U.S.C. § 3584 considered together with 28 U.S.C. § 994(l)(2) support the position that concurrent rather than consecutive sentences must be imposed for the crimes of conspiracy and the substantive offense which was the sole object of the conspiracy. This argument is foreclosed by the decision of the Second Circuit in United States v. Kapaev, 199 F.3d 596, 599 (2d Cir. 1999), cert. denied, 529 U.S. 1081 (2000). First, the bar on consecutive sentencing contained in 18 U.S.C. § 3584 applies only to attempt. It states that in imposing a term of imprisonment, "the terms may run concurrently or consecutively, except that the terms may not run consecutively for an *attempt* and for another offense that was the sole objective of the *attempt*." Id. (emphasis added). If Congress had meant for this section to be applied to crimes of conspiracy, it would have said so. See Kapaev, 199 F.3d at 599 (noting that § 3584 permits a sentencing court to impose either concurrent or consecutive sentences, except where one offense is an attempt and the other the object of the attempt).

Next, section 994(l)(2) of Title 28 directs the Sentencing Commission to ensure that the guidelines reflect "the general inappropriateness of imposing consecutive terms of imprisonment for an offense of conspiring to commit an offense or soliciting commission of an offense and for an offense that was the sole object of the conspiracy or solicitation." In Kapaev, the Second Circuit addressed and rejected the argument that this directive, addressed to the Sentencing Commission, bars district courts from sentencing defendants to consecutive terms stating that it

"does not purport to prohibit all consecutive sentences for conspiracy and the substantive crime that was the object of the conspiracy." Id. at 599. The gravamen of defendant's argument is that Kapaev is wrongly decided. Although the defendant may wish to preserve this argument for the purposes of further appeals, this inferior court is nonetheless bound by this decision. Of course, this Court recognizes that the guidelines are only advisory, and that it was not required to impose consecutive sentences. As stated on the record of the sentencing proceedings, the sentence was one fashioned after consideration of all relevant factors under § 3553 of Title 18.

For these reasons, the defendant Guglielmo's motion is denied.

SO ORDERED.

Dated:	Brooklyn, New York
	May 7, 2007

Carol Bagley Amon
United States District Judge